ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Stiso, | ) | |
| | ) | CASE NO. 5:11CV2592 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| International Steel Group, et al., | ) | <u>ORDER</u> |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Plaintiff Michael Stiso's motion seeking discovery and an extension of time to file his *Wilkins* brief.  Also pending before the Court is Stiso's motion for leave to amend his complaint, Defendant Metropolitan Life Insurance Company's motion to dismiss, and Defendant Arcelormittal USA LLC's motion to dismiss.  The Court now resolves those motions.

The Sixth Circuit has described the discovery process in ERISA cases as follows:

In reviewing the merits of a decision denying ERISA benefits, the court is limited to the administrative record available to the administrator at the time of final decision. *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 615 (6th Cir. 1998); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 457 (6th Cir. 2003). An exception is recognized, however, when evidence outside the record "is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins*, 150 F.3d at 619 (Gilman, J., concurring). "This also means that any prehearing discovery at the district court level should be limited to such procedural challenges." *Id*.

We have noted in a few ERISA cases that discovery might have been appropriate under the circumstances. *See Kalish*, 419 F.3d at 507; *Calvert v. Firstar Fin., Inc.*, 409 F.3d 286, 293 n. 2 (6th Cir. 2005). In other cases, we have affirmed the denial of discovery and explained that a "mere allegation of bias is not sufficient to permit

>discovery under *Wilkins*' exception." *Putney v. Med. Mut. of Ohio*, 111 Fed.Appx. 803, 807 (6th Cir. 2004); s*ee also Likas v. Life Ins. Co. of N. Am.*, 222 Fed.Appx. 481, 486 (6th Cir. 2007); *Huffaker v. Metro. Life Ins. Co.*, 271 Fed.Appx. 493, 504 (6th Cir. 2008). Although Connecticut General argues that these cases should be interpreted to impose a threshold evidentiary showing of bias as a prerequisite to discovery under *Wilkins*, the Supreme Court's admonition in *Glenn* discouraging the creation of special procedural or evidentiary rules for evaluating administrator/payor conflicts of interest counsels against it. That does not mean, however, that discovery will automatically be available any time the defendant is both the administrator and the payor under an ERISA plan. The limitation on discovery recognized in *Wilkins* is a result of the determination that matters outside the administrative record are ordinarily not relevant to the court's review of an ERISA benefit decision. District courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*.

*Johnson v. Connecticut General Life Ins. Co.*, 324 Fed. Appx. 459, 466-67 (6th Cir. 2009).

In his motion seeking discovery, Stiso asserts that his case falls outside the normal ERISA matter. Specifically, Stiso argues that there is no dispute that he is disabled and entitled to benefits. Rather, Stiso's claim relates solely to whether he is entitled to a yearly increase in his benefits of 7% under the plan.

Stiso has offered no argument that the nature of his claim somehow makes *Wilkins* inapplicable. Furthermore, the Court can find no rationale that supports treating Stiso's claim differently. Like nearly every ERISA claim, Stiso contends that Defendants improperly interpreted a provision of the long-term disability plan. The fact that Stiso's claim relates to a post-disability matter does not alter the framework utilized by the Court to determine whether discovery is proper.

Stiso's argument for discovery lacks merit for several reasons. First, Stiso contends that discovery is necessary because of the existing conflict that arises since Defendants are both the administrator and payor in the plan. However, as noted above, this conflict is consistently present in ERISA claims and does not, standing alone, warrant discovery. Stiso offers nothing other than

conclusory statements that this conflict warrants discovery.

Furthermore, Stiso makes the unsupported claim that "[i]f Defendants have never used the indexing provision in the manner they now alleged it should be used, which limited discovery will demonstrate, it is evidence that Defendants' decision to deny the increased benefits is arbitrary and capricious." Stiso offers no support for this statement. Moreover, Stiso admits in his motion that the limited documentation that the Court order Defendants to produce demonstrates that Defendants had consistently declined to use the indexing provision in the manner proposed by Stiso. It is unclear to the Court what further discovery could possibly demonstrate that would assist the Court in evaluating the decision to deny Stiso an increase in his benefits. Accordingly, Stiso has failed to demonstrate any legitimate reason to allow discovery in this matter. The motion for leave to conduct discovery is DENIED.

Stiso's motion for leave to amend his complaint is also DENIED. Pursuant to the Federal Rules of Civil Procedure, leave to amend shall be "freely give[n] ... when justice so requires." Fed.R. Civ.P. 15(a)(2). A court nevertheless should deny leave to amend in some circumstances, including when the motion results from "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the instant matter, Stiso's proposed amendment makes no substantive alterations. Stiso argues that he is attempting to clarify his complaint regarding differing language between the summary plan description and the plan itself. However, Stiso has already fully incorporated both of these documents into his original complaint and likewise alleged that the SPD contained false and misleading statements. As such, the Court can find no reason to allow for amendment of the

complaint.  The Court would further note that Stiso was in possession of these documents at the time the complaint was filed, so there can be no genuine argument that evidence was revealed in discovery that supports amendment.  Accordingly, the motion to amend is DENIED.

Additionally, at this time, both Defendants' motions to dismiss are DENIED WITHOUT PREJUDICE.  The Court will resolve the core ERISA claims in this matter on *Wilkins* briefs.  Following the Court's ruling on the briefs, a status conference will be conducted regarding any claims that may remain and how the Court may proceed on those claims, including revisiting the motions to dismiss.

Stiso shall file his opening brief no later than **fourteen (14) days from this order**.  Defendants shall file their responsive briefs within twenty-one (21) days thereafter, and Stiso shall have seven (7) days to reply.

IT IS SO ORDERED.


July 25, 2012                           */s/ John R. Adams*
Dated                                   JUDGE JOHN R. ADAMS
                                        United States District Judge